IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRIC OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLORENCIO T. MELCHOR, III § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. _____ |
| § | | |
| PALM HARBOR VILLAGES, INC., § | | |
| *Defendant.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, FLORENCIO T. MELCHOR, III**,** (hereinafter referred to as "Melchor") and complaining of PALM HARBOR VILLAGES, INC. (Hereinafter sometimes referred to as "Defendant") and for cause of action would respectfully show this Honorable Court as follows:

1. **Parties:** Plaintiff FLORENCIO T. MELCHOR, III is an individual who resides in Harris County, Texas. Defendant, PALM HARBOR VILLAGES, INC. is a corporation that is authorized to transact business in the state of Texas. It may be served with process by serving its Registered Agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

2. **Jurisdiction and Venue:** Jurisdiction is invoked pursuant to 28 U.S.C. Section 1332(a)(1). Venue is appropriate in this Division Plaintiff was principally employed by Defendant in Harris County, Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

3. **Facts:** Melchor entered into a *Separation and Release of Claims Agreement* ("the agreement") with Defendant on July 22, 2021. Defendant is engaged in the residential housing construction industry. Melchor is no longer employed with defendant and is in the process of becoming employed with another employer. The agreement which contains some confidential

language in it and consequently will not be attached to this Petition contains the following provisions that partially form the basis of this lawsuit:

> 8. <u>Non-Competition</u>. Because of Employer's legitimate business interest as described in this Agreement and the good and valuable consideration offered to the Employee, the receipt and sufficiency of which is acknowledged, during the Restricted Period, the Employee agrees and covenants not to engage in Prohibited Activity within the Restricted Territory.
>
>> a. "Restricted Period" means the period of Employee's employment with the Employer and four (4) months from the Effective Date, regardless of the reason for the employment termination, whether voluntary or involuntary.
>>
>> b. "Restricted Territory" means the state of Texas.
>>
>> c. "Prohibited Activity" is activity in which the Employee contributes the Employee's knowledge, directly or indirectly, in whole or in part, as an employee, employer, owner, operator, manager, advisor, consultant, contractor, agent, partner, director, stockholder, officer, volunteer, intern, or any other similar capacity to an entity in competition with the Employer engaged in the same or similar business as the Employer, including those engaged in the business of manufactured housing and retail. Prohibited Activity also includes activity that may require or inevitably require the use or disclosure of trade secrets, proprietary information, or Confidential Information.
>>
>> d. The Employer regards as its primary, but not exclusive, competitors the following businesses, entities, or individuals: Clayton Homes and Skyline-Champion.
>>
>> Nothing in this Agreement shall prohibit Employee from purchasing or owning less than five percent (5%) of the publicly traded securities of any corporation, provided that such ownership represents a passive investment and that the Employee is not a controlling person of, or a member of a group that controls, such corporation.
>>
>> e. This Section does not, in any way, restrict or impede the Employee from exercising protected rights to the extent that such rights cannot be waived by agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order.

9.      Non-Solicitation of Employees. The Employee understands and acknowledges that the Employer has expended and continues to expend significant time and expense in recruiting and training its employees and that the loss of employees would cause significant and irreparable harm to the Employer. The Employee agrees and covenants not to directly or indirectly solicit, hire, recruit, or attempt to solicit, hire, or recruit, any employee of the Employer, Employer Group or any employee who has been employed by the Employer or Employer Group in the twelve (12) months preceding the last day of Employee's employment (collectively, "Covered Employee"), or induce the termination of employment of any Covered Employee, for a period of 12 months from the Effective Date, regardless of the reason for the employment termination, whether voluntary or involuntary during the Restricted Period.

> a. This non-solicitation provision explicitly covers all forms of oral, written, or electronic communication, including, but not limited to, communications by email, regular mail, express mail, telephone, fax, instant message, and social media, including, but not limited to, Facebook, LinkedIn, Instagram, Twitter, TikTok, and any other social media platform, whether or not in existence at the time of entering into this Agreement. However, it will not be deemed a violation of this Agreement if the Employee merely updates the Employee's LinkedIn profile or connects with a Covered Employee on Facebook, LinkedIn, or other social media platform without engaging in any other substantive communication, by social media or otherwise, that is prohibited by this non-solicitation provision. This Section does not restrict or impede, in any way, and shall not be interpreted or understood as restricting or impeding, the Employee from discussing the terms and conditions of Employee's employment with co-workers or union representatives/exercising Employee's rights under Section 7 of the National Labor Relations Act (NLRA)/exercising protected rights that cannot be waived by agreement.

10.     <u>Non-Solicitation of Customers</u>. The Employee understands and acknowledges that because of the Employee's experience with and relationship to the Employer, the Employee will have/has had and will continue to have access to and will learn/has learned and will continue to learn about much or all of the Employer's Customer Information, including, but not limited to, Confidential Information. "Customer Information" includes, but is not limited to, names, phone numbers, addresses, email addresses, order history, order preferences, chain of command, pricing information, and other information identifying facts and circumstances specific to the customer and relevant to sales/services.

> a.     The Employee understands and acknowledges that: (i) the Employer's relationships with its customers is of great competitive value; (ii) the Employer has invested and continues to invest substantial resources in developing and preserving its customer

relationships and goodwill; and (iii) the loss of any such customer relationship or goodwill will cause significant and irreparable harm to the Employer.

b.  The Employee agrees and covenants that for 12 months from the Effective Date, regardless of the reason for the employment termination, whether voluntary or involuntary during the Restricted Period, not to directly or indirectly solicit, contact, or attempt to solicit or contact, using any other form of oral, written, or electronic communication, including, but not limited to, email, regular mail, express mail, telephone, fax, or instant message, or social media, including but not limited to Facebook, LinkedIn, Instagram, Twitter, TikTok, or any other social media platform, whether or not in existence at the time of entering into this agreement, or meet with the Employer Group's current, former, or prospective customers for purposes of offering or accepting goods or services similar to or competitive with those offered by the Employer Group. However, it will not be deemed a violation of this Agreement if the Employee merely updates the Employee's LinkedIn profile, or connects with a covered customer or former customer on Facebook or LinkedIn, without engaging in any other substantive communication, by social media or otherwise, that is prohibited by this non-solicitation provision.

c.  This restriction shall only apply to:

   (i)  Customers or prospective customers the Employee serviced or solicited/contacted in any way during the last 12 months of the Employee's employment.

   (ii)  Customers about whom the Employee has trade secret or confidential information.

   (iii)  Customers who became customers during the Employee's employment with the Employer.

   (iv)  Customers about whom the Employee has information that is not available publicly.

4  The restrictive provisions set forth above are not supported by independent consideration and are unenforceable. Though there is a recitation of consideration in the agreement

itself, the consideration is in exchange for a release of certain claims, not made the basis of this lawsuit. For a non-competition agreement to be enforceable, the consideration must give rise to an interest worthy of protection. Stated another way, the consideration given must be given in exchange for the employee's post-employment agreement not to compete. Here, Melchor was provided with consideration in exchange for a release of claims. The consideration was therefore targeted for that purpose. There was no consideration given to him for the post-employment agreement not to compete rendering that portion of the agreement unenforceable as a matter of law. Any consideration that would have been given to him in exchange for his post-employment agreement not to compete would be past consideration that was given to him at the outset of his employment. There was no new consideration given to him in exchange for the post-employment not to compete as the only consideration provided to him was in exchange for the release of claims.

5. There is a justiciable controversy present as Defendant, has communicated an intent to enforce the non-competition provisions despite having no legal basis to do so.

6. **Declaratory Judgment:** In order to determine the rights and obligations on Melchor's behalf, given that Defendant has, by virtue of entering into agreements such as the one made the basis of this suit, whereby former employees releasing unrelated claims are bound to non-competition agreements that are not supported by consideration giving rise to the post employment agreement not to he alleges a cause of action under the Texas Declaratory Judgment Act (under this Court's plenary power sitting in diversity) so that the rights and obligations of the parties can be established by the court.

7. **Request for Declaratory Relief:** Melchor incorporates the factual allegations found in the preceding paragraphs and incorporate them herein by reference. Melchor maintains, in terms of his claim for declaratory relief that, the restrictions that are being placed on him with regard to post employment activities are not supported by consideration and impose a greater restraint upon him than is reasonably necessary to protect Defendant's legitimate goodwill expectations.

8. **Attorneys' Fees:** Melchor has retained the firm of Rosenberg & Associates to represent him in this action and have agreed to pay the firm reasonable and necessary attorneys' fees. An award of reasonable and necessary attorney's fees to Melchor would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

9. **Jury Demand:** Plaintiff hereby demands a trial by Jury.

10. **Prayer:** WHEREFORE, Melchor requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

    10.1  A Declaration that the non-competition and, non-solicitation provisions that Defendant is attempting to enforce against Plaintiffs are unenforceable;

    10.2  A Permanent Injunction preventing Defendant from enforcing the non-competition provisions of the agreement made the basis of this suit

    10.3  Damages against Defendant in an amount in excess of the minimum jurisdictional limits of the court;

    10.4  Reasonable and Necessary Attorneys' fees;

    10.5  Costs of suit; and

    10.6  Such other and further relief to which Melchor may show himself to be justly entitled.

Respectfully submitted,

***/s/ Gregg M. Rosenberg***
Gregg M. Rosenberg
Texas State Bar ID 17268750
Gregg@rosenberglaw.com
Nazanin Salehi
Texas State Bar ID 24103913
Nazanin@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300 (Tel)
(713) 621-6670 (Fax)
Attorney-in-Charge for Plaintiff

ATTORNEYS FOR PLAINTIFF